﻿Citation Nr: 19142243
Decision Date: 05/31/19 Archive Date: 05/31/19

DOCKET NO. 16-10 331
DATE: May 31, 2019

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served in the Army National Guard from March 1957 to July 1963. 

1. Entitlement to service connection for bilateral hearing loss and tinnitus is remanded.

The Veteran has not been provided an examination for the claims for service connection for hearing loss and tinnitus. The Board finds that of record is not only medical evidence from a private audiologist diagnosing hearing loss and tinnitus, but also an opinion letter which positively correlates those disabilities to the Veteran’s noise exposure during service. While positive nexus opinions can be sufficient to establish service connection for both disabilities in circumstances of active service, or active service for training (ACDUTRA), the Veteran’s records indicate only service in the National Guard, on inactive for training status (INACDUTRA), which requires additional determinations and evidence to establish service connection. 

Specifically, inactive duty training (INACDUTRA) includes duty, other than full-time duty, prescribed for the Reserves. 38 U.S.C. § 101(23)(A). With respect to the Veteran’s Reserves service, service connection may only be granted for an injury incurred or aggravated while performing INACDUTRA. 38 U.S.C. §§ 101(24), 106, 1110, 1131; 38 C.F.R. §§ 3.6, 3.303, 3.304. Service connection is generally not warranted when a disability incurred on INACDUTRA results from a disease process. Brooks v. Brown, 5 Vet. App. 484 (1993). 

The Board notes that hearing loss has the unique characteristic of being able to be etiologically related to both an injury and a disease. Specifically, trauma or injury to the head or ear, can result in hearing loss, as well as a progressive disease of the central nervous system. Here, while the evidence does not demonstrate a specific incident or injury during service, the Veteran has asserted, specifically during the Board hearing, that during training with heavy artillery, he experienced intermittent hearing loss and tinnitus for several days during service. The Board finds that those lay statements are sufficient to trigger the VA’s duty to provide an examination to assess whether the Veteran’s hearing loss and tinnitus were due to trauma/injury during service, or a progressive disease, which is precluded from service connection. The positive opinion provided by the Veteran did not address any specific injuries, including or precluding that possibility. Therefore, that opinion letter is of limited probative value with regard to the Veteran’s specific claim. Consequently, the Board finds that the evidence is sufficient to trigger VA’s duty to schedule the Veteran for a VA examination to determine the nature and etiology of the claimed disabilities. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Finally, with regard to the requirement for any line of duty determination, the Board finds that due to the fact that there has been an official finding that the Veteran’s service medical records were lost by in a 1973 fire, such lack of a line of duty determination is not fatal to the claims. 

The matters are REMANDED for the following action:

1. Obtain all VA treatment medical records not already of record.

2. Then, schedule the Veteran for a VA examination by an examiner with the appropriate expertise to determine the nature and etiology of hearing loss and tinnitus. All indicated tests should be accomplished, and all clinical findings reported in detail. The examiner must review the claims file and must note that review in the report. The examiner should set forth all examination findings, with the complete rationale for all conclusions reached. The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that hearing loss and tinnitus are related to any injury or incurrence of trauma during the Veteran’s service. The examiner is asked to explicitly explain whether the Veteran’s hearing loss and tinnitus were due to trauma or injury during service, or due to progressive disease. The examiner should reconcile the opinion with the private audiologist opinion of record.

 

Harvey P. Roberts

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Zi-Heng Zhu, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.